341 So.2d 537 (1977)
Michael Ray SOLOMON, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1162.
District Court of Appeal of Florida, Second District.
January 12, 1977.
*538 Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant pled guilty to a charge of breaking and entering with the intent to commit a misdemeanor in violation of Section 810.05, Florida Statutes (1973). On January 31, 1975, he was sentenced to one year in the county jail. On July 11, 1975, that sentence was suspended and appellant was placed on three years probation.
On April 6, 1976, an affidavit and warrant were issued which charged appellant with violating the conditions of his probation by committing and being arrested for a robbery. A probation revocation hearing was held at which the appellant pled guilty to violating a condition of his probation pursuant to a plea bargain. According to the bargain, the trial court could impose the maximum for the probation violation in return for the state placing the robbery charge on the absentee docket without a hold. Based on appellant's admission, the trial court found that appellant had violated a condition of his probation and revoked the probation. The trial court then adjudicated appellant guilty of the underlying offense of breaking and entering with the intent to commit a misdemeanor and sentenced him to five years imprisonment with credit for time served. Appellant appeals this judgment and sentence.
Appellant was originally sentenced on January 31, 1975. According to Section 26.34, Florida Statutes (1973), the Hillsborough County Circuit Court began a new term on the first Tuesday of April. The court suspended the original sentence and replaced it with three years probation on July 11, 1975. Thus, the changed sentence was imposed during a subsequent term.
Fla.R.Crim.P. 3.800 allows a court to reduce a sentence during the same term at which the original sentence was imposed (or within sixty days if less than sixty days remain in the term). Upon expiration of the term of the court which imposed a lawful sentence (or the sixty days when applicable), the court which imposed that sentence loses control over the sentence except to enforce it.[1] This means that the order which placed appellant on probation was void for lack of jurisdiction, and this is fundamental error even if not raised at the trial court.[2] Section 948.01, Florida Statutes (1973), which permits the suspension of the balance of a sentence and the placing of a defendant on probation, specifically contemplates that this shall be done at the time of the original sentencing.
Since the change in the sentence which placed appellant on probation was void, it follows that the probation revocation and its corresponding sentence of five years imprisonment was also void.[3] In turn, this makes the plea bargain entered at the probation revocation hearing a nullity.
*539 Therefore, the state may proceed on the robbery charge which was dropped in the plea bargain.
The judgment and sentence are reversed. The original sentence of January 31, 1975, shall be reinstated, with appellant being given credit against that sentence for any time served upon the sentence now being vacated.[4]
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] State v. Evans, 225 So.2d 548 (Fla.3d DCA 1969).
[2] Ware v. State, 231 So.2d 872 (Fla.3d DCA 1970); see Ex parte Bosso, 41 So.2d 322 (Fla. 1949).
[3] The trial court may have also erred by replacing the remaining six months imprisonment with three years of probation. Even when a court is authorized to modify a sentence, it may only mitigate and may not increase the sentence. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Beckom v. State, 227 So.2d 232 (Fla.2d DCA 1969). However, a grant of probation for a term which is longer than the sentence is not necessarily a reduction of sentence. Cf. Reynolds v. State, 339 So.2d 714 (Fla.2d DCA 1976); Phillips v. United States, 212 F.2d 327 (8th Cir.1954).
[4] Sayer v. State, 267 So.2d 42 (Fla.4th DCA 1972).