SCHEB, Acting Chief Judge.
Appellant was placed on probation as a result of the trial court having reconsidered his prison sentence which had been imposed at a prior term of court. In his appeal from revocation of that probation we hold that the court lacked jurisdiction to modify the sentence. Consequently the probation and revocation thereof were nullities. We reverse.
After appellant entered a plea of nolo contendere to a charge of felonious possession of a firearm, the trial court adjudged him guilty and, on July 3, 1973, placed him on probation for five years. Exactly one year later, after he pled guilty to violating the conditions of his probation, the court sentenced appellant to prison for an indeterminate term of six months to three years. Thereafter, on June 24, 1975, the trial court, on appellant’s petition for reconsideration, vacated that judgment and sentence and placed him on probation for three years. This latter probation was revoked on June 30, 1976, at which time the trial court sentenced appellant to six years in prison with credit for the 182 days served in county jail. This appeal is taken from this last revocation of probation.
At the time the trial court reduced appellant’s sentence, Fla.R.Crim.P. 3.800 allowed a court to modify a sentence only during the same term at which it was im *559 posed or within sixty days after sentence if less than sixty days remained in the term.[1] After this time elapsed the sentencing court had no further control except to enforce the sentence it had previously imposed. There are two terms of the circuit court in Pinel-las County. The spring term commences on the first Monday in May; the fall term on the first Monday in December. Section 26.-27, Florida Statutes (1975). The order placing appellant on probation on June 24,1975, was entered beyond the permitted time limit and was therefore void for lack of jurisdiction. Solomon v. State, 341 So.2d 537 (Fla.2d DCA 1977). The modification of appellant’s sentence having been void, it follows that the placing of appellant on probation and the revocation thereof were nullities.
Accordingly, the order of the trial court is reversed, and the indeterminate sentence of six months to three years imposed on July 3, 1974, is reinstated. The trial court is directed to allow credit for all time served as a result of the offense for which appellant has been sentenced.
Reversed and remanded.
OTT and RYDER, JJ., concur.

. On March 3, 1977, the Florida Supreme Court amended Fla.R.Crim.P. 3.800 to read, “A court may reduce a legal sentence imposed by it within sixty days after such imposition . removing all language referring to terms of court. The Florida Bar (Re Florida Rules of Criminal Procedure), 343 So.2d 1247 (Fla.1977).