HOBSON, Acting Chief Judge.
On August 27, 1971, appellant was convicted of receiving and concealing stolen property and placed on probation for a period of three years. On December 6, 1971, appellant was convicted of entering without breaking a building other than a dwelling house with intent to commit a felony and placed on probation for a period of five years. On the same date appellant was found to be in violation of probation in the receiving and concealing case and his three-year probationary period was extended for a period of three years from December 6, 1971. The periods of probation in both cases were to run concurrently. On September 20, 1974, appellant violated his probation with respect to both offenses.
For reasons not clear from the record on appeal, the appellant was not found guilty *12 of violating his probation on the entering without breaking crime until October 30, 1975, at which time he was sentenced for a term of five years with credit for time served. It was not until March 8,1976, that appellant was found guilty of violating his probation on the receiving and concealing crime and was sentenced to a period of five years to run concurrently with the entering without breaking sentence.
On March 9,1976, the trial court attempted to mitigate the sentences imposed on appellant on October 30,1975, and on March 8, 1976, by placing appellant on probation for six years.
In 1978, the appellant violated his probation on entering without breaking and was placed on probation for a period of seven years. He also violated his probation on receiving and concealing and was placed on probation for a period of five years. Subsequent probation violations occurred, and on July 13, 1979, warrants for appellant’s arrest for violation of probation on both charges were issued.
Appellant was brought before the court where he pled nolo contendere, reserving the right to challenge the court’s jurisdiction. On September 21, 1979, amended judgments and sentences were entered in both cases and the appellant was sentenced for a term of four years on each charge, to run consecutively.
In this appeal the appellant contends that the trial court in 1976 did not have the authority to nullify the sentences and place him on probation and, therefore, the order attempting to nullify the sentences is void, and later actions taken by the court with respect to that order, including the 1979 probation revocations and sentences are also void. We agree.
Florida Rule of Criminal Procedure 3.800(b) governed the trial court’s power to mitigate a lawful sentence in March, 1976. At that time the rule provided that a court could “mitigate” a sentence during the term in which it was imposed or within 60 days of sentencing if less than 60 days remain in the term. In the instant case, while the trial court had the authority to mitigate the appellant’s sentence, it exceeded that authority by placing him on probation, because the granting of probation does not constitute mitigation of a legal sentence. State v. Evans, 225 So.2d 548 (Fla.3d DCA 1969); State v. Mancil, 354 So.2d 1258 (Fla.2d DCA 1978).
In De La Paz v. State, 358 So.2d 1093 (Fla.3d DCA 1978), the defendant was sentenced to four one-year sentences in April, 1971. In September, 1971, the court held a hearing on the defendant’s motion to mitigate these sentences and at that time placed the defendant on seven years probation. The defendant’s probation was subsequently revoked and he was sentenced to two five-year terms of imprisonment. On appeal, the court held that “the order placing the defendant on probation was a nullity. Accordingly, the sentence imposed for violation of probation is an illegal sentence,” and directed the trial court to reinstate the defendant’s original sentence.
This court has also held that where the order of the trial court mitigating an appellant’s sentence was void, the subsequent placing of the appellant on probation and the revocation of that probation are void. Petters v. State, 350 So.2d 558 (Fla.2d DCA 1977); Solomon v. State, 341 So.2d 537 (Fla.2d DCA 1977).
Therefore, in the instant case the trial court’s revocations of the appellant’s probation and the sentence of two consecutive four-year terms of imprisonment for the underlying offenses is void. Accordingly, the judgments and sentences are reversed. The original sentence entered on October 30, 1975, on the entering without breaking charge is reinstated and the original sentence entered on March 8, 1976, on the receiving and concealing crime is reinstated with credit given for any time served upon the sentence vacated by this opinion.
REVERSED and REMANDED.
SCHEB, C. J., and CAMPBELL, J., concur.