PER CURIAM.
Phillips appeals a judgment and sentence dated November 28, 1979, imposing 30 months imprisonment for violation of the terms of his probation. Because the sentence which originally placed Phillips on probation was void, the court had no authority to revoke his probation. We therefore reverse the sentence now on appeal and remand with directions.
Phillips initially was given a one-year sentence on February 26, 1976. One week later, the trial court modified the sentence by placing the appellant on probation for three years. There is no evidence in the record that the appellant requested this modification.
The trial court’s modification of the original sentence was invalid. The modification was not permitted by Florida Rule Criminal Procedure 3.800(a) since the original sentence was legally imposed, nor was it authorized by Rule 3.800(b) because the granting of probation does not constitute a reduction of a sentence, Cuneo v. State, 335 So.2d 278 (Fla.1976), and finally, it was not a suspended sentence pursuant to Section 948.01, Florida Statutes (1975), since it was not “done at the time of the original sentencing.” Solomon v. State, 341 So.2d 537, 538 (Fla. 2d DCA 1977). Consequently, the change in the sentence placing the appellant on probation being void, the probation revocation and its corresponding sentence of 30 months’ imprisonment was also void. Solomon v. State, supra.
The state’s reliance on Smith v. Brown, 185 So. 732 (Fla.1938) and State v. Jones, 327 So.2d 18 (Fla.1976), as authority to affirm the appealed order is misplaced. Smith provides that if a sentence of imprisonment is set aside at the request of a convicted defendant or at his insistence, the court may impose a new sentence upon the *234 original adjudication of guilt. Here the record does not in any way indicate that Phillips requested or insisted on a modification of his original sentence.
State v. Jones, supra, is also distinguishable. The Jones court held at p. 25 that a trial court has jurisdiction to “revoke, reverse, or modify for cause” a probation order “at any time” the order is in effect and “impose any sentence which may have been originally imposed” pursuant to Sections 948.03 and 948.06(2), Florida Statutes. The Jones opinion did not involve the issue before us concerning the time frame in which a trial court can exercise its original jurisdiction to place a defendant on probation pursuant to Section 948.01, Florida Statutes.
Accordingly, the judgment and sentence are reversed, and the case remanded with directions to reinstate the original sentence and to allow appellant credit for all time served on that sentence.
ERVIN, SHAW and WENTWORTH, JJ., concur.