HOBSON, Acting Chief Judge.
The State of Florida seeks a writ of cer-tiorari to quash an order of the trial court which amended the sentence imposed against the respondent from a term of imprisonment to probation.
Respondent pled guilty to sixteen counts of forgery and uttering a forged instrument. As a result, the court placed him on probation. Shortly thereafter, respondent was charged with violating his probation, to which he pled guilty. On October 3, 1980, he was sentenced to three years in the state penitentiary, with all sentences to run concurrently. Respondent filed a petition for reconsideration of his sentence, and on October 29 the court entered an order granting his petition and placing the respondent on six years probation.
It is clear that the sentencing court retains jurisdiction to “reduce or modify” any legal sentence within sixty days of imposition. Fla.R.Crim.P. 3.800(b). While we recognize that the reconsideration of the sentence was timely, Florida courts have adopted the federal approach holding that the granting of probation does not constitute the correction or reduction of a sentence. Cuneo v. State, 335 So.2d 278 (Fla. 1976); Sweeting v. State, 390 So.2d 773 (Fla. 3d DCA 1980); accord, Stoddard v. State, 388 So.2d 11 (Fla. 2d DCA 1980); see Whitfield v. United States, 401 F.2d 480, 482 (9th Cir. 1968), cert. den., 393 U.S. 1026, 89 S.Ct. 630, 21 L.Ed. 570 (1969); Phillips v. United States, 212 F.2d 327 (8th Cir. 1954).
Accordingly, we grant the writ of certio-rari and quash the order of the trial court which purported to reduce respondent’s sentence.
OTT and RYDER, JJ., concur.