JOANOS, Judge.
Appellant raises two points on appeal: (1) Whether the trial court erred in refusing to suppress testimony by an undercover police officer who illegally taped the conversation he had with the defendant in the defendant’s home, and (2) Whether the trial court’s denial of defendant’s motion for reduction of sentence was an abuse of discretion. We affirm on both points.
Although the warrantless electronic surveillance of the defendant’s conversations was in violation of both Article I, § 12 of the Florida Constitution and § 934.06, Florida Statutes, this case does not involve the admission of either the tapes of those conversations or testimony by persons who were monitoring the conversations. The question presented to this Court involves the admissibility of testimony by the police officer who personally participated in conversations with the defendant.
The principal Florida case in the area of warrantless electronic eavesdropping is State v. Sarmiento, 397 So.2d 643 (Fla.1981). The Court in Sarmiento reversed the conviction because the testimony of the monitoring officers was improper, but the admittance of testimony by an undercover *400 agent concerning the contents of his conversation with the defendant was expressly approved:
The defendant without question assumed the risk that this officer might betray the defendant’s trust and reveal, as he did, the contents of this conversation to the outside world. That, in our view, is a reasonable risk which any person assumes when he talks to anyone as the speaker has it within his power to gauge whether to take such a risk based upon his personal assessment of the person to whom he is talking. As such, there was no invasion of the defendant’s privacy (and thus no, “interception” in the constitutional sense) for the officer to listen to and later testify, as he did, to the content of the defendant’s conversation in the home.
See also Odom v. State, 403 So.2d 936, (Fla.1981), where the Court held that admission of the tape itself is improper but left in tact the admission of testimony by the confidential informant who participated in the taped conversation.
The second point on appeal deals with an unusual situation concerning the defendant’s sentencing. The defendant plead nolo contendere and the trial judge pronounced his sentence (nothing unusual, so far). After sentence was pronounced, however, the trial judge told the defendant that he informed both defense counsel and the State Attorney what defendant could do in order for the judge to consider modification. Defendant was further informed by the judge that defendant had 60 days to make a decision. Defendant was told that “whether you want to go back to your wife and you want your job then is going to depend upon you, not the Court.”
Defendant argues on appeal that he kept his end of the “bargain” by agreeing to cooperate with the authorities, but that the trial judge then refused to perform his part of the agreement by denying defendant’s motion for reduction of sentence. We must affirm the trial court’s denial of the motion for reduction of sentence for jurisdictional reasons. When defendant filed the motion under Rule 3.800, Fla.R.Crim.P., notice of appeal had already been filed with this Court. Since notice of appeal vested exclusive jurisdiction in the appellate court, the trial court did not have jurisdiction to correct or modify his initial sentence. Kelly v. State, 359 So.2d 493 (Fla. 1st DCA 1978). Rule 3.800 does, however, give the defendant an opportunity to re-file his motion for reduction of sentence within 60 days after receipt of this Court’s mandate. Although we do not have a sufficient record to evaluate the factual basis for defendant's claim, we do note that if the allegations are true his contention is not without arguable merit. See Williams v. State, 341 So.2d 214 (Fla.2d DCA 1977) and cases cited therein.
AFFIRMED.
SHAW, J., and VICTOR M. CAWTHON, Associate Judge, concur.