437 So.2d 174 (1983)
Allen Z. WOLFSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1032.
District Court of Appeal of Florida, Second District.
August 5, 1983.
Rehearing Denied September 13, 1983.
Robert H. MacKenzie, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
In this appeal from the denial of his motion for postconviction relief, appellant contends that the court was without jurisdiction to enter the probation order which he later violated.
On March 17, 1978, appellant was sentenced to concurrent five year prison terms for convictions of bank fraud and conspiracy to commit bank fraud. On October 6, *175 1978, the trial judge set aside these sentences and placed appellant on probation for consecutive five year terms. His probation was later revoked for illegal political contributions, and the court sentenced him to two consecutive terms of five years imprisonment. Appellant now contends that he could not be sentenced for a violation of probation because the court was without jurisdiction to originally place him on probation.
This case is controlled by State v. English, 400 So.2d 570 (Fla. 2d DCA 1981), in which this court held that a trial judge had no authority to change a prison sentence into probation. The premise for the ruling was that the granting of probation did not constitute the reduction of a sentence as then authorized by Florida Rule of Criminal Procedure 3.800(b).[1]Accord Stoddard v. State, 388 So.2d 11 (Fla. 2d DCA 1980).
There is another reason why appellant's probation order was invalid. Ordinarily, a trial judge loses jurisdiction to change a sentence under Florida Rule of Criminal Procedure 3.800(b) after sixty days. White v. State, 404 So.2d 804 (Fla. 2d DCA 1981); Solomon v. State, 341 So.2d 537 (Fla. 2d DCA 1977). If an appeal is taken, the rule extends the time until sixty days after receipt of the appellate mandate. However, the appeal itself removes jurisdiction from the trial judge, thereby eliminating his authority to change the sentence while the appeal is pending. Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982); see Smith v. State, 407 So.2d 399 (Fla. 1st DCA 1981), pet. for rev. denied, 417 So.2d 330 (Fla. 1982). Since appellant's convictions were on appeal to this court on the date the probation order was entered and we had not relinquished jurisdiction for any purpose, the trial judge did not have the authority at that time to make even a proper reduction of the sentences.
The state makes a persuasive argument that appellant should not be permitted to attack his sentences for violating probation after having accepted the benefits of being placed on probation in the first place. If the order placing appellant on probation were merely unlawful, his acceptance of the probation would constitute a waiver to attack the later revocation. King v. State, 373 So.2d 78 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1197 (Fla. 1980). Here, however, the order placing appellant on probation was void for lack of jurisdiction, Phillips v. State, 394 So.2d 233 (Fla. 1st DCA 1981), and a defendant cannot confer jurisdiction by waiver. Sclafani v. County of Dade, 323 So.2d 675 (Fla. 3d DCA 1975).
The appellant's other point on appeal has no merit.
We reverse the consecutive five year prison sentences. The original concurrent five year sentences are hereby reinstated. Appellant shall be entitled to credit for any jail time already served on the reinstated sentences as well as on the sentences now being vacated.
HOBSON, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] This rule was amended in 1980 to permit the substitution of probation for a prison sentence. The Florida Bar, In re Rules of Criminal Procedure, 389 So.2d 610, 629 (Fla. 1980).