642 So.2d 1387 (1994)
Robert HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01634.
District Court of Appeal of Florida, Second District.
July 1, 1994.
*1388 Richard J. Sanders, Gulfport, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Robert Holmes appeals his convictions and sentences for attempted second-degree murder and arson of a dwelling. Holmes raises six issues concerning the trial and sentencing. We agree with Holmes on all but one of his issues and reverse.
Holmes was charged with attempted first-degree murder and arson of a dwelling for shooting his ex-girlfriend and later setting fire to her house. In the information, the attempted murder count specifically alleged the use of a firearm. The jury found Holmes guilty of attempted second-degree murder and arson. The trial court enhanced the attempted murder conviction to a first-degree felony based on the use of a firearm and classified Holmes as a habitual violent felony offender. For this conviction, Holmes was sentenced to life with a minimum term of 30 years. For the arson conviction, he was sentenced to a concurrent term of life but was not habitualized.
First, Holmes argues the trial court erred by failing to conduct a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971). At trial, the victim began to testify about statements that Holmes made on the day of the shooting. Defense counsel objected because he did not believe these statements had been provided by the state. The state responded that it was not required to provide the statements when the victim and her deposition had been available prior to trial. Although a Richardson hearing was requested, the trial court overruled the objection without further inquiry.
When a defendant participates in discovery, the state must furnish the substance of statements made by the defendant. Fla.R.Crim.P. 3.220(b)(1). Contrary to the state's argument at trial, a witness' availability does not satisfy its discovery obligation under this rule. Rainey v. State, 596 So.2d 1295 (Fla. 2d DCA 1992). Contrary to the state's argument on appeal, the objection made in this case was sufficient to bring the possible violation to the trial court's attention and thus trigger the need for further inquiry. See Elledge v. State, 613 So.2d 434 (Fla. 1993) (citing with approval Ratcliff v. State, 561 So.2d 1276 (Fla. 2d DCA 1990), for the proposition that when the state claims no discovery violation has occurred, the issue should be determined in a Richardson hearing). The trial court's failure to inquire is not subject to a harmless error analysis; it constitutes per se error and requires us to reverse. Smith v. State, 500 So.2d 125 (Fla. 1986).
Holmes next argues that the trial court erred by refusing to give a requested instruction on attempted manslaughter. That instruction was appropriate here. Taylor v. State, 444 So.2d 931 (Fla. 1983). Attempted manslaughter is only one step removed from the crime for which Holmes was convicted. Failure to give an instruction for an offense one step removed from the conviction constitutes per se reversible error. Cox v. State, 618 So.2d 291 (Fla. 2d DCA 1993).
These errors require reversal and a new trial. On remand, the highest murder charge for which Holmes may be retried is attempted second-degree murder. Marshall v. State, 529 So.2d 797, 797 n. 1 (Fla. 3d DCA 1988). The next two issues are subject to a harmless error analysis. Because we are reversing on the first two errors, we do not decide whether the following, standing alone, would have required reversal.
*1389 Holmes argues the trial court erroneously admitted hearsay statements under the excited utterance exception. The trial court allowed a police detective to testify regarding the victim's identification of Holmes as the man who shot her and the circumstances surrounding the shooting. These statements were made at the hospital while the victim was being treated. The interview occurred about an hour-and-a-half after the shooting and the only evidence of the victim's mental state was the detective's observation that she was "upset." They do not qualify as excited utterances because the time between the shooting and the interview allowed an opportunity for reflection or fabrication and removed the indicia of reliability inherent in a spontaneous statement. Lyles v. State, 412 So.2d 458 (Fla. 2d DCA 1982).
Holmes also asserts error in the trial court's refusal to allow defense counsel to cross-examine the victim about an earlier criminal case in which she testified against Holmes. This information was considered relevant by the defense to show the victim's bias and her motivation to lie because she was angry Holmes was acquitted in the prior case. We agree the trial court improperly restricted the cross-examination. See Williams v. State, 386 So.2d 25 (Fla. 2d DCA 1980) (holding that a defendant should be given broad latitude to explore plausibly relevant matters, particularly when cross-examining the state's only eyewitness; trial court erroneously excluded a prior false statement to the police by the state's only eyewitness even though it did not relate to the defendant or the shooting for which she was being tried).
As a final point, we face a sentencing issue that has become moot by our reversal of the conviction. The jury returned a verdict of "Guilty of Attempted Murder in the Second Degree, as included." Holmes asserts this verdict lacked the required determination that he used a firearm in the commission of the offense. Thus, he argues, the trial court erroneously reclassified the attempted second-degree murder conviction to a first-degree felony under section 775.087(1)(b), Florida Statutes (1991). We agree. This verdict does not contain an affirmative finding of the information's allegation regarding the use of a firearm that would justify an enhancement under the statute. Therefore, we offer the Third District's advice when faced with a similar situation:
[B]ecause both attempted second-degree murder with a firearm and attempted second-degree murder without a firearm are lesser offenses of attempted first-degree murder with a firearm ... we suggest that upon retrial the verdict form and instructions call for the jury's finding as to the use vel non of a firearm on the offense charged and any lesser included offenses.
Marshall, 529 So.2d at 797-98 n. 2.
We find no merit to Holmes' remaining point on appeal regarding the trial court's denial of a continuance. We are presented with a novel issue, however, concerning the arson conviction. Holmes argues that the Richardson violation requires per se reversal of both convictions. The state responds that it independently proved the arson conviction with evidence untainted by the previously discussed errors. More specifically, the state argues that the evidence subject to the Richardson challenge was related only to the attempted murder. We find no authority allowing us to evaluate the effect of this error on one count while reversing on the directly affected count. Accordingly, we reverse both convictions but certify the following question as one of great public importance:
WHEN A DEFENDANT IS CONVICTED IN THE SAME TRIAL OF TWO SEPARATE OFFENSES THAT WERE COMMITTED AT SEPARATE TIMES AND PROVEN BY DIFFERENT EVIDENCE, DOES THE FAILURE TO HOLD A RICHARDSON HEARING ON EVIDENCE PERTAINING TO ONLY ONE CONVICTION REQUIRE PER SE REVERSAL OF BOTH CONVICTIONS?
Reversed and remanded; question certified.
HALL, A.C.J., and ALTENBERND, J., concur.