711 So.2d 565 (1997)
Bobby Ray HOLMES, a/k/a Robert Holmes, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02724.
District Court of Appeal of Florida, Second District.
December 31, 1997.
*566 John Thor White, St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Scionti, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Bobby Ray Holmes, also known as Robert Holmes, appeals an unusual order that modified his sentence while this appeal was pending. We strike the order and affirm his sentence.
In 1992, the State charged Mr. Holmes with arson of a dwelling and at tempted murder. Following his convictions in 1993, this court reversed and remanded his case for a new trial. See Holmes v. State, 642 So.2d 1387 (Fla. 2d DCA 1994). On remand, the charges were severed and he was convicted only of arson. The sentencing guidelines scoresheet recommended a life sentence for the arson conviction. On May 23, 1996, the trial court sentenced Mr. Holmes to twenty years' imprisonment as a habitual offender. This sentence was to be served consecutively to a thirty-year sentence imposed in April 1993 in case number 92-12591 for possession of a firearm by a convicted felon.
Five days later, on May 28, 1996, Mr. Holmes, pro se, filed a motion for correction of sentence or to withdraw his plea. He attached his written plea agreement from case number 92-12591, in which a different trial judge agreed that the sentence for possession of a firearm would be concurrent with any sentence imposed in the "charges pending" against Mr. Holmes. Because the arson charge was one of those "pending" charges, Mr. Holmes requested the trial court honor his prior plea agreement in case number 92-12591. The next day, May 29, 1996, Mr. Holmes' attorney filed a motion for reconsideration of sentence, explaining the same problem and requesting that the twenty-year sentence in this case be served concurrently with, rather than consecutively to, the thirty-year sentence imposed in case number 92-12591. On May 31, 1996, prior to any resolution of these motions, Mr. Holmes' counsel filed a timely notice of appeal of Mr. Holmes' judgment and sentence for arson.
On June 6, 1996, while this case was pending on appeal, the trial court conducted a hearing on the two motions filed on Mr. Holmes' behalf. At that hearing, the State made an oral motion to reconsider the sentence, arguing that the twenty-year habitual sentence imposed on May 23, 1996, had been an inadvertent downward departure without written reasons. See King v. State, 597 So.2d 309, 317 (Fla. 2d DCA 1992). The trial court granted Mr. Holmes' and the State's motions for reconsideration, and ordered the imposition of a forty-year habitual sentence, to be served concurrently with the sentence imposed in case number 92-12591. It denied Mr. Holmes' pro se motion as moot. Mr. *567 Holmes then amended his notice of appeal to include this most recent order by the trial court.
We conclude that Mr. Holmes' motion to reconsider, filed by his attorney, should be treated as a Florida Rule of Criminal Procedure 3.800(b) motion to reduce or modify his sentence.[1] The trial court had no jurisdiction to consider that motion during the pendency of this appeal. See, e.g., Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1983) (holding that appeal removes jurisdiction from trial court, thereby eliminating trial court's authority to change sentence while appeal is pending). Thus, the trial court erred in granting Mr. Holmes' motion. That motion, however, can be renewed in the trial court within sixty days following issuance of the mandate in this appeal. We would, however, emphasize at this point that the trial court could have imposed a life sentence as a habitual offender for this arson conviction. See § 775.084(4)(a), Fla. Stat. (1991). Its decision to impose a twenty-year sentence was made on the assumption that the twenty-year arson sentence would run consecutively to the sentence in case number 92-12591. Had the trial court been advised of the earlier plea agreement at the sen tencing hearing, it is likely that it would have imposed a longer sentence for the arson conviction. Thus, the trial court may have legitimate reasons not to mitigate the sentence.
The State's oral motion must be treated as a motion to correct an illegal sentence pursuant to rule 3.800(a). Even if the sentence is an improper downward departure, a rule 3.800(a) motion is not the proper method for the State to challenge the sentence. See Gartrell v. State, 626 So.2d 1364 (Fla.1993). Thus, the trial court had no motion authorizing it to restructure Mr. Holmes' sentence as it did. Although there are documents in the record suggesting that the trial court did not abide by an un disclosed agreement in case number 92-12591, there is nothing to suggest that the sentence imposed in this case was illegal. Indeed, it is well below the maximum sentence that the judge was authorized to impose.
Accordingly, we strike the order that attempted to modify Mr. Holmes' sentence and affirm the original twenty-year consecutive sentence.
WHATLEY and NORTHCUTT, JJ., concur.
NOTES
[1] A motion to reduce or modify a sentence is now filed pursuant to Florida Rule of Criminal Procedure 3.800(c).