780 So.2d 1031 (2001)
STATE of Florida, Appellant,
v.
Kenneth L. WILLIAMS, Appellee.
Kenneth L. Williams, Appellant,
v.
State of Florida, Appellee.
Nos. 1D00-606, 1D00-732.
District Court of Appeal of Florida, First District.
April 2, 2001.
Robert A. Butterworth, Attorney General; Bart Schneider, Assistant Attorney General, Tallahassee, for Appellant in Case No. 1D00-606 and for Appellee in Case No. 1D00-732.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellee in Case No. 1D00-606 and for Appellant in Case No. 1D00-732; Appellant pro se in Case No. 1D00-732.
WEBSTER, J.
We have consolidated two appeals arising out of the same criminal case. In case number 1D00-606, the state asserts that the trial court did not have jurisdiction to rule on a motion to modify sentence while a direct appeal was pending. In case number 1D00-732, the public defender has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); and appellant (Williams), in proper person, has filed a brief which, among other things, agrees with the state that the trial court lacked jurisdiction to rule on his motion to modify sentence because a direct appeal was pending. We affirm as to all issues raised *1032 in case number 1D00-732. In case number 1D00-606, we agree with the state that the trial court lacked jurisdiction to rule on the motion to modify sentence while a direct appeal was pending. Accordingly, we vacate the order modifying sentence, and the subsequent order of community control and probation.
On October 28, 1999, pursuant to his admission, Williams' probation was revoked, and he was sentenced to 44.1 months in prison. On November 10, 1999, the trial court received from Williams a letter, which it treated as a motion to mitigate sentence. On November 22, 1999, Williams, in proper person, filed a notice of appeal. On December 21, 1999, Williams' attorney filed a motion to mitigate sentence. On the following day, apparently without holding a hearing or obtaining the state's consent, the trial court granted that motion, reinstating Williams to probation subject to certain conditions, and setting a hearing for January 28, 2000. At the January 28 hearing, the state advised the trial court that Williams had filed a notice of appeal on November 22. The trial court responded that it was aware of that, but that it believed it still had jurisdiction to consider the motion to mitigate sentence. The trial court then modified the sentence again, placing Williams on community control for one year, to be followed by one year of probation. The appeal which had been filed by Williams, in proper person, was subsequently dismissed on February 15, 2000, for failure to pay the filing fee. These appeals follow.
The motions to mitigate (or modify) sentence were filed pursuant to Florida Rule of Criminal Procedure 3.800(c). The trial court loses jurisdiction to rule on such a motion while a direct appeal is pending. E.g., Nelson v. State, 724 So.2d 1202 (Fla. 2d DCA 1998); Smith v. State, 407 So.2d 399 (Fla. 1st DCA 1981). We treat the state's appeal as a petition for a writ of certiorari. E.g., State v. Blue, 603 So.2d 648, 649 (Fla. 5th DCA 1992) (a petition for a writ of certiorari is the proper method by which to challenge as beyond its jurisdiction a trial court's order reducing a sentence); Hudson v. Hofmann, 471 So.2d 117, 118 (Fla. 2d DCA 1985) (common law certiorari is the proper method by which to challenge an action of a lower court as in excess of its jurisdiction). Accordingly, in case number 1D00-606, we grant the writ, and vacate the order modifying sentence and the subsequent order of community control and probation. We affirm, without discussion, as to all issues raised by Williams in case number 1D00-732. On remand, the trial court is directed to reinstate the initial sentence of 44.1 months in prison.
MINER and KAHN, JJ., concur.