814 So.2d 1126 (2002)
Walter JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-5051.
District Court of Appeal of Florida, Second District.
April 5, 2002.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Walter Jones appeals a single order revoking probation in two separate cases.[1] He argues that the underlying probation order could not be revoked because the trial court lacked jurisdiction to have imposed the probation order in the first place. Jones is correct. The trial court imposed the underlying probation order while Jones v. State, 744 So.2d 537 (Fla. 2d DCA 1999), was pending on appeal.[2] This was done without a relinquishment of this court's jurisdiction and without any other basis upon which the trial court could have acquired jurisdiction. Because the trial *1127 court lacked jurisdiction to change Jones's sentence during the pendency of the appeal, the probation order was void. See Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1983). Accordingly, we are compelled to reverse the subsequent order revoking Jones's probation. See id.
Reversed and remanded.
WHATLEY and SILBERMAN, JJ., Concur.
NOTES
[1] State v. Jones, Nos. CRC96-03398CFANO and CRC96-19892CFANO (Fla. 14th Cir. 1996).
[2] As in the present appeal, Jones's prior appeal concerned sentences imposed in cases CRC96-03398CFANO and CRC96-19892CFANO.