CASANUEVA, Judge.
In this postdissolution proceeding, the former husband appeals the increase in child support ordered upon the former wife’s petition to set aside the marital settlement agreement and establish child support, or, in the alternative, to modify the final judgment of dissolution. The former wife cross-appeals and raises three issues. We reverse the main appeal and affirm the cross-appeal because the former wife has failed to preserve her first and second issues, and our reversal of the main appeal moots her third issue. See Steinhorst v. State, 412 So.2d 332 (Fla.1982) (holding that except in cases of fundamental error, an issue will not be reviewed on appeal unless it was presented to the trial court, and for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below).
This postdissolution proceeding commenced when the former wife petitioned the court to either set aside the marital settlement agreement or modify the final judgment of dissolution of marriage. The primary purpose of the petition was to establish the former husband’s child support obligation according to the guidelines set out in section 61.30, Florida Statutes (2003), rather than according to the amount the couple had agreed to at the time of the dissolution of their marriage. Following an evidentiary hearing, the trial court’s final order did not disturb any of the provisions of the marital settlement agreement except for the amount of child support. The court changed the child support provision by ordering the former husband to pay the guidelines amount, retroactive to the date the former wife’s petition was filed. After filing a motion for rehearing alleging that the order did not consider the fact that the parties share equally the physical custody of their only child, which the trial court denied, the former husband appealed. See § 61.30(ll)(b) (providing for adjustments to basic statutory child support calculations when the child spends *855 a substantial amount of time with each parent). During the appellate process, this court granted the former husband’s motion to stay the proceedings and relinquished jurisdiction to the trial court for the limited purpose of establishing temporary child support pending appellate review. See Fla. R.App. P. 9.600(b) (“If the jurisdiction of the lower tribunal has been divested by an appeal from a final order, the court by order may permit the lower tribunal to proceed with specifically stated matters during the pendency of the appeal.”).
Instead of setting temporary child support as directed, the trial court reversed itself and recalculated the child support in accordance with section 61.30(ll)(b), taking into account the 50/50 physical custody arrangement to which the parties had agreed. This was the relief originally requested by the former husband in his motion for rehearing and on appeal. However, our relinquishment of jurisdiction was for the express purpose of setting temporary child support pending review on appeal. Thus, the trial court acted outside the jurisdiction it had been granted, rendering this later order void, despite the fact that it properly recognized its error. Cf. Jones v. State, 814 So.2d 1126 (Fla. 2d DCA 2002) (holding that an order the trial court enters without jurisdiction is void).
We reverse the final judgment on appeal, affirm the former wife’s cross-appeal, and remand the case for reconsideration of permanent child support in light of section 61.30(ll)(b).
CANADY and LaROSE, JJ., Concur.