LAWSON, J.
The State of Florida appeals an order summarily granting Steven Duain Holmes’ motion for postconviction relief, filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure, without holding an ev-identiary hearing. We reverse.
Holmes was charged by information with attempted second degree murder for cutting the neck/throat of victim Keisha McKay with the blade of a “box cutter.” The trial judge instructed the jury on this charge, and on the lesser included offenses of aggravated battery, aggravated assault, battery, and assault. The jury returned a guilty verdict as to the lesser offense of aggravated battery, a second degree felony. The trial court sentenced Holmes to the lowest prison sentence permissible under the sentencing guidelines, followed by a period of probation. This court affirmed the conviction and sentence on direct appeal. See Holmes v. State, 861 So.2d 1170 (Fla. 5th DCA 2003) (table).
In his 3.850 motion, Holmes alleged that his trial counsel was ineffective for failing to also request a lesser instruction on the offense of attempted voluntary manslaughter. The trial court granted the motion without holding an evidentiary hearing, citing to Holmes v. State, 642 So.2d 1387 (Fla. 2d DCA 1994). That case holds that: “Failure to give an instruction for an offense one step removed from the conviction constitutes per se reversible error.” Id. at 1388.[1] In an en banc opinion currently on review by the Florida Supreme Court, the First District held that a postconviction claim based upon counsel’s failure to request a lesser included offense instruction cannot meet the prejudice prong of Strickland[2] as a matter of law. See Sanders v. State, 847 So.2d 504 (Fla. 1st DCA 2003), review granted, 905 So.2d 892 (Fla.2005). Our court has expressed disagreement with Sanders, but holds that the failure to request a jury instruction for a lesser included offense “states a color-able claim of ineffective assistance” which may be assessed “only ... after an eviden-tiary hearing.” James v. State, 881 So.2d 85, 86 (Fla. 5th DCA 2004). Because it is possible that counsel’s decision not to re- *721 quest instruction on the lesser offense of voluntary manslaughter was a valid strategic decision, the trial judge should have at least afforded the State an opportunity to challenge Holmes’ allegations at an eviden-tiary hearing. Id. Therefore, at a minimum, reversal is warranted for an eviden-tiary hearing. Obviously, if our Supreme Court agrees with the First District’s reasoning in Sanders, summary denial of Holmes’ claim would be warranted.[3]
REVERSED and REMANDED for further proceedings.
GRIFFIN and PALMER, JJ., concur.

. We would note that here, however, counsel did request an instruction for an offense one step removed from the conviction. Aggravated assault (one of the lesser offenses on which an instruction was given), is the same offense level as the crime of attempted voluntary manslaughter. Both are third degree felonies, one degree removed from the crime of aggravated battery.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

. Arguably, summary denial of Holmes' 3.850 claim may be appropriate irrespective of the Supreme Court's ultimate holding in Sanders. The rationale for the rule requiring reversal when a trial court fails to instruct on a lesser offense one step removed from the conviction is that the jury must be "given a fair opportunity to exercise its inherent 'pardon' power by returning a verdict of guilty as to the next lower crime.” State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978). Here, the jury was given an opportunity to further exercise its pardon power by convicting Holmes of aggravated assault. For this reason, Holmes arguably cannot demonstrate prejudice under Strickland. However, this issue was not briefed on appeal. Therefore, we decline to address it.