POLEN, J.
Appellant J.R.S., a child (“JRS”), was charged by petition with one count of possession of cannabis and one count of loitering and prowling. He moved to suppress the physical evidence and statements, and a hearing was held on that motion. The trial court reserved ruling on the motion in order to address JRS’s other pending charges. Thereafter, a plea conference was held before the court, and JRS’s motion to suppress was denied without a written order:
DEFENSE COUNSEL: Your Honor, in this situation, I haven’t received an actual written denial of the motion to suppress; however, I have received verbal confirmation that Your Honor is going to deny the motion to suppress.
THE COURT: Yeah, it will be denied. DEFENSE COUNSEL: So, Your Hon- or, with that being in mind, and [JRS] is trying to — and not keep him back, because he’s on his way to a Level 6, I’ve already spoken with him. Your Honor, we’re going to enter a plea only, however, only will Your Honor rule the motion to suppress was dispositive in this particular matter?
THE COURT: That’s correct.
JRS entered a plea of no contest to both charges and reserved his right to appeal the denial of his motion to suppress. He was committed to the Level 6 Program with credit for time served and received a suspension on his driver’s license.
Two weeks after the plea conference, JRS filed a notice of appeal, challenging the denial of his motion to suppress. Two weeks after that, however, the trial court issued a written order granting in part and denying in part JRS’s motion. The court found that JRS’s arrest for loitering and prowling was invalid and that any evidence incident to the arrest was inadmissible. Although “the officers were justified in conducting an initial investigatory stop, the search of [JRS’s] pockets clearly exceeded the permissible scope of a pat-down search incident to an investigatory stop.” JRS’s motion to suppress was granted as to the marijuana and denied as to his statements which were made after the Miranda warnings. JRS filed another notice of appeal after that order.
*1011 On appeal, JRS asks this Court to vacate his adjudication on the possession of cannabis charge. Because the trial court should have dismissed that charge after granting his motion to suppress physical evidence, JRS argues that the court committed a reversible error.
First, the State argues that the trial court’s written order is a nullity because it was entered after jurisdiction had vested in this Court. See, e.g., Jones v. State, 814 So.2d 1126, 1126-27 (Fla. 2d DCA 2002) (“Because the trial court lacked jurisdiction to change Jones’s sentence during the pendency of the appeal, the probation order was void.”); Vara v. State, 575 So.2d 306, 307 (Fla. 2d DCA 1991) (“We conclude that at the time the departure reasons were filed the notice of appeal had vested jurisdiction in this court, and the trial court was without jurisdiction over the case.”); Hudson v. Hofmann, 471 So.2d 117, 118 (Fla. 2d DCA 1985) (“Once the notices of appeal were filed, the lower court was divested of jurisdiction to proceed with matters related to the final judgment.”). Nonetheless, we agree with the findings in the trial court’s written order and conclude that the court erred in orally denying JRS’s motion in the first place. The motion to suppress, as it pertained to the physical evidence in this case, should have been granted from the outset.
As such, we reverse JRS’s adjudication only as to the possession of cannabis charge.
FARMER and GERBER, JJ., concur.