KHOUZAM, Judge.
 

 Reynaldo Torres appeals his judgments and sentences for robbery with a firearm, aggravated battery with a deadly weapon causing great bodily harm, two counts of aggravated assault with a deadly weapon, and two counts of armed false imprisonment. We affirm Torres’ judgments and sentences but remand for corrections to the orders on costs. We also strike a probation order because the trial court lacked jurisdiction at the time it entered the order.
 

 At the sentencing hearing, the trial court orally imposed a $100 cost of prosecution and “all costs as required by statute.” The written order imposed $495 in costs, which included a $150 prosecution cost and a $225 cost for felonies pursuant to section 938.05(l)(a), Florida Statutes (2006). On October 17, 2008, the trial court entered a probation order reflecting $547 in total court costs. Torres filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), contending that the $150 prosecution cost must either be stricken or corrected to conform to the trial court’s oral pronouncement. Torres also argued that the $225 cost must be reduced to $200 based on the version of section 938.05(l)(a) that was in effect at the time of his offenses, and that the probation order must be corrected to reflect the proper cost amount. Because the trial court did not rule on the motion within sixty days, the motion is deemed denied.
 
 See
 
 Fla. R.Crim. P. 3.800(b)(2)(B). The trial court subsequently entered a May 11, 2009, probation order that added probationary terms to five of Torres’ offenses.
 

 On appeal, Torres contends that the trial court erred in imposing a cost of prosecution because the cost was not requested by the State and because no supporting documentation was presented for this cost. This issue was not preserved for appellate review.
 
 See Rivera v. State,
 
 34 So.3d 207, 209 (Fla. 2d DCA 2010) (holding that issue was not preserved for review where defendant failed to raise a contemporaneous objection when the trial court announced it was imposing costs of prosecution). The written order, however, must be corrected to reflect the trial court’s oral pronouncement of $100 in prosecution costs.
 
 See Guerra v. State,
 
 927 So.2d 248, 249 (Fla. 2d DCA 2006) (holding that if a discrepancy exists, the written sentence must be corrected to conform to the oral pronouncement). Torres properly preserved this issue by filing a rule 3.800(b) motion to correct sentencing error.
 

 Torres also argues, and we agree, that the $225 cost must be reduced to $200 based on the version of section 938.05(l)(a) that was in effect on the date of his offenses. Finally, Torres correctly contends that the trial court lacked jurisdiction to enter the May 11, 2009, probation order because the order added probationary terms to five of Torres’ offenses.
 
 See Jones v. State,
 
 814 So.2d 1126, 1126-27 (Fla. 2d DCA 2002) (“Because the trial court lacked jurisdiction to change Jones’s sentence during the pendency of the appeal, the probation order was void.”).
 

 
 *916
 
 Accordingly, we reverse and remand for the trial court to enter a corrected order reflecting $100 in prosecution costs and $200 in costs pursuant to section 938.05(l)(a). The trial court is also directed to correct the October 17, 2008, probation order to reflect the amount of $420 in total court costs and to strike the May 11, 2009, probation order.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 NORTHCUTT and LaROSE, JJ., Concur.