DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**CHRISTOPHER WALK,**
Appellee.

No. 4D18-921

[March 20, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Barry M. Cohen, Judge; L.T. Case No. 502015CF009085A.

Ashley B. Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellant.

Joshua LeRoy of LeRoy Law, P.A., West Palm Beach, for appellee.

***ON MOTION FOR CLARIFICATION***

DAMOORGIAN, J.

We grant the motion for clarification, withdraw our previous opinion, and substitute the following.

The State appeals the trial court's order removing the mandatory probation condition preventing Christopher Walk from having unsupervised contact with a child under the age of eighteen more than sixty days after the sentence was imposed. Because the trial court failed to comply with section 948.30(e), Florida Statutes, it lacked the authority to remove the mandatory condition. We therefore quash the order modifying Walk's probationary sentence and remand the case.

The State charged Walk with thirty-four counts of possessing, controlling, or intentionally viewing a photograph showing sexual conduct by a child. Walk pled guilty to three of the counts and the State agreed to nolle prosse the remaining counts. In January 2017, Walk was sentenced to eighteen months in prison followed by ten years of supervised sex offender probation. As a mandatory condition of probation, Walk was

prohibited from having unsupervised contact with a child under the age of eighteen. *See* § 948.30(1)(e), Fla. Stat. (2015) (for probationers who are placed under supervision for violation of section 827.071, one of the conditions that the court must impose is "a prohibition on contact with a child under the age of [eighteen]" if the victim was under the age of eighteen).

In February 2018, more than one year after the imposition of the original sentence and before the start of the probationary portion of the sentence, Walk moved for clarification of the probation condition regarding no unsupervised contact with a child under the age of eighteen. Although titled a motion to "clarify," Walk was essentially asking the court to modify the probationary portion of his sentence by removing that condition so that he could live in the same house as his wife and two minor children after his release from prison. Following a brief hearing on Walk's motion, which the court treated as a motion to modify probation, the court granted the motion over the State's objection and removed that condition of probation.

Section 948.03(2), Florida Statutes, generally allows a trial court to rescind or modify the terms and conditions of probation at any time. But, the trial court was not authorized to remove a mandatory condition of probation. *See State v. Springer*, 965 So. 2d 270, 272–73 (Fla. 5th DCA 2007).

Section 948.30(1)(e) provides:

> (e) If the victim was under the age of 18, a prohibition on contact with a child under the age of 18 except as provided in this paragraph. The court may approve supervised contact with a child under the age of 18 if the approval is based upon a recommendation for contact issued by a qualified practitioner who is basing the recommendation on a risk assessment. Further, the sex offender must be currently enrolled in or have successfully completed a sex offender therapy program. The court **may not grant** supervised contact with a child if the contact is not recommended by a qualified practitioner and may deny supervised contact with a child at any time. When considering whether to approve supervised contact with a child, the court must review and consider the following:
>
> > 1. A risk assessment completed by a qualified practitioner. The qualified practitioner must prepare a written report that must include the findings of the assessment and

2

address each of the following components:

a. The sex offender's current legal status;

b. The sex offender's history of adult charges with apparent sexual motivation;

c. The sex offender's history of adult charges without apparent sexual motivation;

d. The sex offender's history of juvenile charges, whenever available;

e. The sex offender's offender treatment history, including consultations with the sex offender's treating, or most recent treating, therapist;

f. The sex offender's current mental status;

g. The sex offender's mental health and substance abuse treatment history as provided by the Department of Corrections;

h. The sex offender's personal, social, educational, and work history;

i. The results of current psychological testing of the sex offender if determined necessary by the qualified practitioner;

j. A description of the proposed contact, including the location, frequency, duration, and supervisory arrangement;

k. The child's preference and relative comfort level with the proposed contact, when age appropriate;

l. The parent's or legal guardian's preference regarding the proposed contact; and

m. The qualified practitioner's opinion, along with the basis for that opinion, as to whether the proposed contact would likely pose significant risk of emotional or physical harm to the child.

The written report of the assessment must be given to the court. . . .

2. A recommendation made as a part of the risk assessment report as to whether supervised contact with the child should be approved;

3. A written consent signed by the child's parent or legal guardian, if the parent or legal guardian is not the sex offender, agreeing to the sex offender having supervised contact with the child after receiving full disclosure of the sex offender's present legal status, past criminal history, and the results of the risk assessment. The court may not approve contact with the child if the parent or legal guardian refuses to give written consent for supervised contact;

4. A safety plan prepared by the qualified practitioner, who provides treatment to the offender, in collaboration with the sex offender, the child's parent or legal guardian, if the parent or legal guardian is not the sex offender, and the child, when age appropriate, which details the acceptable conditions of contact between the sex offender and the child. The safety plan must be reviewed and approved by the court; and

5. Evidence that the child's parent or legal guardian understands the need for and agrees to the safety plan and has agreed to provide, or to designate another adult to provide, constant supervision any time the child is in contact with the offender.

The court may not appoint a person to conduct a risk assessment and may not accept a risk assessment from a person who has not demonstrated to the court that he or she has met the requirements of a qualified practitioner as defined in this section.

(emphasis added).

Here, the trial court eliminated the mandated condition of "no contact" without considering the statutorily-required prerequisites for allowing even supervised visitation. For this reason, we must reverse.

4

As a petition for writ of certiorari is the proper vehicle by which to challenge a trial court's order modifying a sentence, we treat the State's appeal as a petition for writ, grant the petition, and quash the order modifying Walk's probationary sentence. *See State v. Williams*, 780 So. 2d 1031, 1032 (Fla. 1st DCA 2001); *State v. Blue,* 603 So. 2d 648, 649 (Fla. 5th DCA 1992).

Because we decide this case on the authority of the trial court to eliminate a statutorily-mandated condition, we need not address the alternative argument that the trial court lacked jurisdiction to modify probation more than sixty days after the imposition of the sentence.

For the reasons expressed above, we grant the petition and remand the case to the trial court to either comply with the dictates of section 948.30 or reinstate the condition.

GROSS and MAY, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

5