408 So.2d 1021 (1981)
William Duane ELLEDGE, Appellant,
v.
STATE of Florida, Appellee.
No. 52272.
Supreme Court of Florida.
October 22, 1981.
Rehearing Denied February 24, 1982.
*1022 Richard L. Jorandby, Public Defender, Craig S. Barnard, Chief Asst. Public Defender, and Jerry L. Schwarz and Richard B. Greene, Asst. Public Defenders, West Palm Beach, Florida, for appellant.
Jim Smith, Atty, Gen., and Doris E. Jenkins and Gregory C. Smith, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
This appeal is before us from a jury and judge resentencing of appellant to death, entered upon a plea of guilty. The original death sentence was vacated because of improper consideration as an aggravating factor of a collateral felony for which Elledge at the time had not been convicted. Elledge v. State, 346 So.2d 998 (Fla. 1977) [Elledge I].
The facts surrounding appellant's convictions for first-degree murder and rape of Margaret Anne Strack are detailed in our first review of appellant's death sentence, and do not require rehashing. It is sufficient to note that Elledge confessed to a weekend of crimes which included the rape and murder of Ms. Strack, the robbery and murder of Edward Gaffney and the robbery and murder of Kenneth Nelson. This Court vacated appellant's ensuing death penalty for the Strack murder. Although details of the Nelson murder, for which appellant had been convicted before sentencing, were admissible to support the aggravating circumstance of having a previous capital or violent felony conviction, details of the Gaffney murder, for which appellant had not been convicted at the time of sentencing, were not allowable. Elledge I, at 1001-03.
On this appeal appellant attacks his second death sentence on sundry grounds, all of which we have considered, but only five of which warrant discussion.
Appellant first complains that the limited testimony as to the Gaffney murder was not allowable under the literal dictates of our previous opinion in this case. Elledge I at 1003. But the entire thrust of our prior decision was the distinction between felony convictions, which were allowable to prove the corresponding aggravating factor, and a charge for such a crime which was not allowable. Our concern was that the requirements of Provence v. State, 337 So.2d 783 (Fla. 1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2929, 53 L.Ed.2d 1065 (1977), be met. Provence requires that a conviction is essential for consideration of prior crimes under the aggravating factor in section 921.141(5)(b), Florida Statutes (1977).[1] Yet it is clear from the record that prior to the resentencig trial, Elledge had indeed been convicted for the Gaffney murder. In Elledge I we made clear that evidence of convictions for certain felonies is admissible, including testimony of witnesses, "because we believe the purpose for considering aggravating and mitigating circumstances is to engage in a character analysis of the defendant to ascertain whether the ultimate penalty is called for in his or her particular case." Id. at 1001. We are at a loss to understand how appellant could claim that evidence of the Gaffney murder is forever barred despite an ensuing conviction in light of the reasoning in Elledge I.
Appellant asserts that his appearance before the sentencing jury in leg irons led to prejudice in the jury's mind. Cases which concern such prejudice deal with the adverse effects that such restraints have upon the accused's presumption of innocence. See Kennedy v. Cardwell, 487 F.2d 101, 104 (6th Cir.1973), cert. denied, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). But appellant did not stand before the sentencing jury as an innocent man; rather he stood as a confessed murderer of three persons. The critical issue in a restraint *1023 case is the degree of prejudice caused by the restraints. Here, we can find very little prejudice since the appellant was an avowed dangerous individual. See United States ex rel. Stahl v. Henderson, 472 F.2d 556, 557 (5th Cir.), cert. denied, 411 U.S. 971, 36 L.Ed.2d 694 (1973). Second such restraints are within the sound discretion of the court, and the record indicates the judge had information that the appellant had threatened to attack his bailiff. Elledge through his confessed acts had proven himself a man of his word when violence was threatened, so we would be hard pressed to find the trial court abused its discretion in taking such precautions.
Appellant next asserts that an aggravating circumstance, that the murder was committed to avoid arrest, found by the judge was unsupported by the evidence. This argument is unfounded for a close examination of the record reveals that Elledge's taped confession and a transcript of that confession were admitted into evidence.[2] During this confession Elledge detailed the victim's threats to call the police when he initiated the rape. Such evidence is sufficient to support the conclusion that Elledge killed the rape victim in order to prevent her carrying out her threat.
Appellant attacks the sentencing order[3] because he claims the trial judge included under his initial finding, which stated that Elledge had a significant history of criminal activity, crimes which were either noncapital or nonviolent.[4] Such an argument is clearly obfuscatory as it is apparent that this initial finding concerned the lack of the mitigating circumstance under section 921.141(6)(a), *1024 Florida Statutes (1977),[5] because the findings that directly follow the initial finding also concern lack of mitigating circumstances. The trial judge properly differentiated mitigating from aggravating circumstances in negating the statutorily described mitigating circumstance.
Finally, appellant claims that the trial judge limited jury consideration of nonstatutory mitigating circumstances by giving the standard jury instruction which states: "The mitigating circumstances which you may consider, if established by the evidence, are these... ." We have previously considered this argument in depth and have flatly rejected it. See Peek v. State, 395 So.2d 492, 496-97 (Fla. 1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981). See also Demps v. State, 395 So.2d 501, 505 (Fla. 1981).
Having found no merit in any of appellant's arguments, and having conducted a full review of the sentence which found several aggravating and no mitigating circumstances, we are unable to discern any error that may have deprived appellant of any protections offered by the judicial process. Accordingly the sentence of death is affirmed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Section 921.141(5)(b), Florida Statutes (1977), reads: "The defendant was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person."
[2] State's Exhibit No. 5
[3] The order reads in part:

On August 3rd, 1977 the jury recommended to this Court that WILLIAM DUANE ELLEDGE be sentenced to death.
Pursuant to law, this Court makes the following findings of fact:
(1.) The Defendant does have a significant history of prior criminal activity. The Defendant has been convicted of Murder In The First Degree in Jacksonville, Florida. He has also been convicted of felonious assault in the State of Colorado. This Defendant has been confined in various institutions for a great portion of his life for various other crimes.
(2.) The Defendant did not commit this Murder while under the influence of extreme mental or emotional disturbance. The Defendant was examined by two psychiatrists and both stated that at the time of the crime the Defendant understood and could appreciate the nature and consequences of his acts. Neither Doctor found nor reported that the Defendant was acting under the influence of extreme mental or emotional disturbance at the time of the crime. There was no indication of insanity.
(3.) The victim was not a willing participant in the Defendant's conduct and did not consent to these crimes.
(4.) This murder was committed while the Defendant was raping the victim or shortly after raping the victim. The murder was committed for the purpose of avoiding arrest, as the victim had threatened to notify the police of the rape and after this threat by the victim, the Defendant committed this murder.
(5.) This murder was especially heinous, atrocious and cruel. The Defendant choked the victim until she was beating on the wall and gasping for air. He then threw her from the bed onto the floor and again choked her for approximately 15-20 minutes. During this period of time the Defendant was raping the victim.
After the rape and murder were completed the Defendant then dragged the body of the victim to the door of the motel room, threw her down the steps and dragged her to an automobile. The Defendant then drove her to a church parking lot and threw her from the car. The Defendant then abandoned her almost nude body, with the legs tied together by an electric cord, in the church parking lot.
Based upon these findings of fact, and based further upon the advisory sentence rendered to this Court by the twelve member jury, and it being the opinion of this Court that there are sufficient aggravating circumstances existing to justify the sentence of death, and this Court, being of the additional opinion that NO mitigating circumstances exist,
It is therefore the sentence of this Court, having already adjudged you to be guilty of Murder In The First Degree on March 17th, 1975, that you,
WILLIAM DUANE ELLEDGE, be sentenced to Death.
[4] Appellant seeks to characterize the initial finding as the aggravating circumstance under section 921.141(5)(b), Florida Statutes (1977), which concerns prior convictions for capital or violent felonies.
[5] "The defendant has no significant history of prior criminal activity."