BOARDMAN, Judge.
D.M. and E.M., who are juveniles, appeal their placement in a community control program. We reverse.
At appellants’ adjudicatory hearing, the state called as a rebuttal witness an individual who was not listed as a witness as required by Florida Rule of Criminal Procedure 3.220(a)(l)(i). Appellants timely objected to the state’s calling this witness because he was not listed, but the trial court allowed the witness to testify without conducting a Richardson inquiry.[1]
As this court clearly stated in Potts v. State, 403 So.2d 443, 446 (Fla. 2d DCA 1981):
Rebuttal .witnesses are not an exception to the requirements of Florida Rule of Criminal Procedure 3.220(a)(l)(i). Once a failure to disclose the name of a witness is called to the attention of the trial court, an inquiry must be held to determine whether the state’s failure was willful, whether or not the effect of the omission is substantial and whether it prejudiced the accused’s preparation for trial. Failure to do so requires reversal.
(Citations omitted.)
Accordingly, we REVERSE and REMAND this cause for a new adjudicatory hearing.
HOBSON, A.C.J., and DANAHY, J., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).