561 So.2d 1276 (1990)
Frank Earl RATCLIFF, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2062.
District Court of Appeal of Florida, Second District.
May 23, 1990.
*1277 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant appeals from his conviction for resisting arrest with violence. Of his various contentions on appeal we find merit in one and reverse and remand for a new trial.
That contention is that the trial court's failure to conduct a Richardson[*] hearing after an objection by defendant to a discovery violation by the state constituted per se reversible error. See Lee v. State, 538 So.2d 63, 65 (Fla. 2d DCA 1989); D.M. v. State, 421 So.2d 694 (Fla. 2d DCA 1982). The violation was the failure of the state to include on its witness list the name of a rebuttal witness called by the state. Rebuttal witnesses are not excepted from the requirements of Florida Rule of Criminal Procedure 3.220. See Stone v. State, 547 So.2d 657, 659 (Fla. 2d DCA 1989); D.M.
While the state makes the argument on appeal that the need to call the witness could not have been anticipated, that was an aspect which should have been resolved at a Richardson hearing. See Lee. Nor do we agree with the state's argument that the contention was not preserved for appellate review by a specific request for a Richardson hearing. See Lee; D.M.
Reversed and remanded for a new trial.
SCHOONOVER, A.C.J., and LEHAN and FRANK, JJ., concur.
NOTES
[*] Richardson v. State, 246 So.2d 771 (Fla. 1971).