613 So.2d 434 (1993)
William Duane ELLEDGE, Appellant,
v.
STATE of Florida, Appellee.
No. 74789.
Supreme Court of Florida.
January 14, 1993.
Rehearing Denied March 5, 1993.
*435 Richard L. Jorandby, Public Defender, and Eric M. Cumfer and Richard B. Greene, Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
William Duane Elledge pleaded guilty to the 1974 rape and first-degree murder of Margaret Anne Strack. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
This is appellant's direct appeal of his third resentencing.[1] The trial judge again has imposed the death penalty, upon an 8-4 jury recommendation, finding four aggravating[2] and no mitigating circumstances. Appellant raises thirty issues in this appeal. Because we again remand for resentencing, we address only those issues relevant to the resentencing proceeding.
The dispositive issue in the sentencing proceeding below was the failure of the trial judge to conduct a Richardson[3] hearing when Elledge's counsel objected to the State's failure to comply with discovery rules. This is reversible error. Smith v. State, 500 So.2d 125 (Fla. 1986). Elledge's attorney called a prison official, Officer Kuck, who testified that Elledge had not been a problem prisoner. On cross-examination the prosecutor said to Kuck: "Let me show you State's Exhibit marked W, as a composite." The exhibit consisted of copies of nineteen disciplinary reports Elledge had received while in prison. The defense counsel immediately asked for a side-bar conference, during which he objected that he had never seen the reports before and should have been provided them as part of discovery.[4] The trial judge then *436 made the erroneous ruling that no discovery violation had occurred, because the State was not required to anticipate mitigation evidence. In Smith we held that there is neither a rebuttal nor impeachment exception to the Richardson rule. Id. at 127. See also Thompson v. State, 565 So.2d 1311, 1316 (Fla. 1990) (the Richardson rule applies to rebuttal and impeachment evidence as well as direct evidence). In the instant case, the State had knowledge that persons from the Department of Corrections would be called on behalf of the defense. The State apparently anticipated the testimony of Officer Kuck because it had already assembled a "composite exhibit" of the disciplinary reports, and the exhibit had already been marked prior to the time defense counsel asked for a side-bar conference. We approve the view expressed in Ratcliff v. State, 561 So.2d 1276, 1277 (Fla. 2d DCA 1990), that when the State asserts that it is excused from compliance with discovery because it could not have anticipated defense evidence, the question whether it could reasonably have anticipated evidence should be resolved in a Richardson hearing.
We also agree with appellant that evidence of an abused childhood was such that this mitigating circumstance should have been found. A reasonable quantum of competent, uncontroverted evidence of child abuse was presented by Elledge's cousin, Sharon Jennings, who testified that Elledge's mother, an alcoholic, regularly beat him for fifteen minutes at a time, until she "drew blood," and for no apparent reason. Failing to find an abused childhood as a nonstatutory mitigating factor was error. Nibert v. State, 574 So.2d 1059 (Fla. 1991).
We find that the admission of numerous photos of the corpse of Mr. Gaffney was error. The defense admitted that Elledge killed Mr. Gaffney; the location of gunshots on Mr. Gaffney's body was irrelevant to the "prior capital felony" aggravating circumstance.
The trial judge instructed the jury that it could consider the contemporaneous rape as a prior violent felony. We agree with Elledge that this was error. The rape victim and the murder victim were the same; the contemporaneous crime could not be considered a prior felony.
The sentencing order recites that Elledge has been convicted of felonious assault in Colorado and has spent most of his life in prison for various other crimes. There is no evidence in the record to support these facts and it was error to find them.
Elledge claims that section 921.141, Florida Statutes (1973), is unconstitutional, attacking, among other things, the constitutionality of the "heinous, atrocious, or cruel" instruction. Elledge's trial judge defined the statutory aggravating circumstance "heinous, atrocious or cruel" for the jury.[5] The instruction differs somewhat from the one held constitutional in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).[6] The instruction given *437 in State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974), approved in Proffitt and encompassed in the current standard jury instruction, should be given on resentencing.
We reverse and remand for resentencing consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., dissents.
NOTES
[1] This Court reversed appellant's first death sentence. Elledge v. State, 346 So.2d 998 (Fla. 1977). Upon resentencing this Court affirmed Elledge's death sentence. Elledge v. State, 408 So.2d 1021 (Fla. 1981), cert. denied, 459 U.S. 981, 103 S.Ct. 316, 74 L.Ed.2d 293 (1982). The Eleventh Circuit remanded for resentencing, however, because Elledge appeared in leg irons before the penalty-phase jury. Elledge v. Dugger, 823 F.2d 1439 (11th Cir.), withdrawn in part, 833 F.2d 250 (11th Cir.1987), cert. denied, 485 U.S. 1014, 108 S.Ct. 1487, 99 L.Ed.2d 715 (1988).
[2] The capital felony was committed during a rape; the capital felony was committed to avoid arrest; the capital felony was heinous, atrocious, or cruel; the defendant was previously convicted of other capital felonies (the murders of Gaffney and Nelson). See § 921.141(5), Fla. Stat. (1973).
[3] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[4] Florida Rule of Criminal Procedure 3.220(b)(1)(xi) provides that, within fifteen days after service of the defendant's notice of election to participate in discovery, "the prosecutor shall disclose to defense counsel and permit him to inspect ... the following information and material within the State's possession":

Any tangible papers or objects which the prosecuting attorney intends to use in the hearing or trial and which were not obtained from or belonged [sic] to the accused.
[5] The trial court instructed the jury:

For this offense to be especially heinous, atrocious or cruel, the murder must be accompanied by such additional acts as to set the crime apart from the norm of capital felonies, the consciousness [sic] or pitiless crime.
Heinous means extremely wicked or shockingly evil.
Atrocious means outrageously wicked and vile.
Cruel means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of, the suffering of others.
[6] The transcript indicates that the court omitted the phrase "which is unnecessarily torturous to the victim," and substituted the word "consciousness" for "conscienceless" in the instruction. See Sochor v. Florida, ___ U.S. ___, ___, 112 S.Ct. 2114, 2121, 119 L.Ed.2d 326 (1992), where the United States Supreme Court said:

In State v. Dixon, 283 So.2d 1 (1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974), the Supreme Court of Florida construed the statutory definition of the heinousness factor:
"It is our interpretation that heinous means extremely wicked or shockingly evil; that atrocious means outrageously wicked and vile; and, that cruel means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of, the suffering of others. What is intended to be included are those capital crimes where the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim." 283 So.2d, at 9.
Understanding the factor, as defined in Dixon, to apply only to a "conscienceless or pitiless crime which is unnecessarily torturous to the victim," we held in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), that the sentencer had adequate guidance.