LEWIS, J.,
dissenting.
Common sense suggests that this case presents an issue of concern and raises many unanswered questions. Mr. McFadden was charged with crimes which involved the use and possession of a firearm. He presented a theory of self-defense that included a statement by his sister that a firearm had never been possessed within the residence where the crimes allegedly occurred. Suddenly, in the midst of trial, the State surprisingly presented previously undisclosed statements through the testimony of a police officer, who was not only known but also conveniently and immediately accessible to the State for the very purpose of impeaching the statements of the sister. Moreover, on appeal, the State conceded that the prosecutor was aware of prior statements by the sister with regard to firearms, and when the sister testified that there had never been a firearm in the residence, the prosecutor instantly stated, “That opens the door.” As a representative of the State of Florida, a prosecutor’s interest is not simply to win cases but to ensure that the law is applied fairly and justly. See Scipio v. State, 928 So.2d 1138, 1145 (Fla.2006) (quoting Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 *1135 L.Ed. 1314 (1935)). Thus, it is confounding that the State now asserts that there is nothing wrong with the situation that occurred during this trial.
Regardless of whether the statement was revealed during rebuttal, common sense dictates that this type of statement should not be disclosed for the first time during trial in a courtroom without the trial court conducting an inquiry as to whether a discovery violation occurred. This Court has consistently held that the chief purpose of the rules of discovery is to facilitate the truth-finding function of our justice system and to prevent trial by surprise or ambush. See Scipio, 928 So.2d 1138 at 1144; State v. Evans, 770 So.2d 1174, 1182 (Fla.2000); Binger v. King Pest Control, 401 So.2d 1310, 1314 (Fla.1981); Kilpatrick v. State, 376 So.2d 386, 388 (Fla.1979). Accordingly, once a possible discovery violation is brought to the attention of the trial court, the court can properly exercise its discretion only after it has made an adequate inquiry into all of the surrounding circumstances. See Richardson v. State, 246 So.2d 771, 775 (Fla.1971) (quoting Ramirez v. State, 241 So.2d 744, 747 (Fla. 4th DCA 1970)); see also Sears v. State, 656 So.2d 595, 596 (Fla. 1st DCA 1995) (citing Lowery v. State, 610 So.2d 657 (Fla. 1st DCA 1992); D.R. v. State, 588 So.2d 327 (Fla. 4th DCA 1991)). In holding that a harmless error analysis applies to the failure to conduct an adequate Richardson hearing, this Court noted that in the vast majority of cases, it is likely that an appellate court will be unable to determine from a cold record whether the error is harmless without the facts developed by a Richardson inquiry. See State v. Schopp, 653 So.2d 1016, 1019-1021 (Fla.1995). This is such a case.
As noted by Judge Hazouri below,
the error here was compounded by the failure of the trial judge to conduct a Richardson hearing. When McFadden’s counsel objected and asserted a discovery violation, the trial judge overruled the objection because he concluded the detective’s testimony was rebuttal and, therefore, not subject to a discovery violation. “There is neither a rebuttal nor impeachment exception to the Richardson rule.” Elledge v. State, 613 So.2d 434, 436 (Fla.1993); see also Portner v. State, 802 So.2d 442, 446 (Fla. 4th DCA 2001) (citing Elledge, 613 So.2d at 436).
McFadden v. State, 15 So.3d 755, 758 (Fla. 4th DCA 2009) (Hazouri, J., concurring specially) (footnote omitted). The majority focuses on whether Florida Rule of Criminal Procedure 3.220(b)(1)(B) requires the State to disclose oral, unrecorded witness statements if the statement does not materially change a prior recorded statement previously provided to the defendant by the State. This was not the basis for the trial court’s ruling below. The fundamental underpinnings of the majority’s analysis rest on the assumption that this statement was never recorded. However, without an adequate inquiry by the trial court, it is impossible to establish whether this statement was, in fact, recorded in some form elsewhere, such as by the other officer who testified in the case. Thus, it was necessary for the trial court to conduct a Richardson hearing to ascertain the circumstances surrounding the creation of the statement to determine whether a violation occurred.
Our system contains serious, fundamental flaws if we allow the State to play a disingenuous game of “hide the ball” without judicial inquiry into these actions. In my view, there are profound and concerning issues with the State possessing evidence that is damning to a defendant and not being required to disclose that evi *1136 dence. When a party faces trial, it is necessary to know whether a witness is going to provide ruinous and devastating evidence. If we start down this path, parties will never know what statements they are required to produce. Moreover, the decision of the majority foreshadows the inevitable and undesirable result that key statements will not be placed into writing or recorded as a means to avoid production through discovery. It is the duty of the trial court to conduct hearings to ascertain and determine whether violations occur.
Accordingly, I must dissent and agree with the court below because the majority holds that a Richardson hearing was not required.